# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

   **v.**                                                      **Case No. 03-CR-194**

**TERRONCE GARDNER**
        **Defendant.**

## DECISION AND ORDER

Defendant Terronce Gardner seeks early termination of his supervised release. The government objects the request.

**I.**

On February 22, 2005, defendant pleaded guilty to conspiracy to distribute 500 grams or more of cocaine, and on October 4, 2005, I sentenced to him to 84 months' imprisonment followed by 5 years of supervised release. He was released from prison and commenced supervision on August 21, 2009.

On December 23, 2010, the probation office petitioned the court to issue a warrant for defendant's arrest based on alleged violations. Specifically, the petition indicated that on December 23, 2010, Milwaukee police officers arrested defendant after observing a firearm in the vehicle he was driving. I issued the warrant, and on December 28, 2010, defendant appeared before a magistrate judge and was detained. At a January 5, 2011, preliminary hearing, the magistrate judge found probable cause that defendant violated his conditions and entered an order of detention pending the final revocation hearing. I later allowed defendant to be released and continued the revocation proceeding. No charges

were filed related to the firearm, and on June 22, 2011, I continued defendant on supervised release.

On September 11, 2012, defendant filed a letter requesting early discharge from supervised release. In the letter, he stated that since his release from prison he had maintained a clean and clear lifestyle. He indicated that he had gotten into the business of purchasing and renovating foreclosed homes, which he then rented out to low income families. He further indicated that he had started his own promotion company, bringing singers, comedians, and other performers to Milwaukee. He requested early termination so that he could leave the state of Wisconsin to work as a promoter and to pursue a career as a professional boxer. He indicated that his business activities had been a very positive experience, and that early discharge would allow him to work towards his full potential in becoming a professional boxer and successful promoter.

**II.**

The district court may grant early termination of supervised release if: (1) the defendant has served at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(1); United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998). The district court possesses wide discretion in determining whether the interests of justice would be served by terminating supervision early. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts have generally held that the conduct of the defendant sufficient to warrant such action must include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have generally granted early termination only

2

in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where supervision impedes rather than facilitates rehabilitation. See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); Folks v. United States, 733 F. Supp. 2d 649, 651-52 (M.D.N.C. 2010); Medina, 17 F. Supp. 2d at 246-47. The defendant bears the burden of demonstrating that early termination of supervision is justified. See United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citing United States v. Weintraub, 371 F. Supp. 2d 164, 167 (D. Conn. 2005); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)).

**III.**

Defendant fails to justify his request. Working and following the rules does not by itself suffice, see, e.g., United States v. Thomas, No. 1:07-CR-72, 2012 WL 3870523, at *2 (N.D. Ind. Sept. 6, 2012) ("The Court expects those on supervised release to work and to follow the rules of supervision."), and he makes no showing of exceptionally good behavior. Defendant references opportunities to travel in furtherance of his promotion business and/or boxing career, but he does not allege that his probation officer has refused any requests to leave the district. (Judgment at 3, standard condition 1 – "the defendant shall not leave the judicial district without permission of the court or probation officer".) There is no evidence that supervision impedes defendant's employment or other rehabilitative efforts, and he presents no other new or unforeseen circumstances justifying early termination.[1]

---

[1]In its response to the motion, the government indicates that, according to the probation office, defendant's performance has been less than stellar. Specifically, the government references questionable employment, noise complaints at defendant's residence, and possible liquor/tavern violations (in addition to the December 2010 firearm

3

Nor do the relevant § 3553(a) factors support early termination. Defendant seems to be doing better recently, but he does have a significant prior record, including convictions for carrying a concealed weapon, recklessly endangering safety, and felon in possession of a firearm. He does not appear to have significant ongoing correctional treatment needs or unsatisfied financial obligations, but further monitoring and the structure associated with supervision are warranted to protect the public and deter any future violations of the law.

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's request for early termination is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of October, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

arrest). In his reply letter, defendant disputes some of these claims and discusses his employment efforts. I need not make any findings regarding these allegations; it suffices to say that defendant has not sustained his burden of demonstrating exceptionally good behavior or some other basis for early termination.