# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
       **Plaintiff,**

    v.                                                      **Case No. 03-CR-194**

**FREDERICK MITCHELL**
       **Defendant.**

## DECISION AND ORDER

On May 13, 2005, I sentenced defendant Frederick Mitchell to 135 months in prison followed by 5 years of supervised release on his guilty plea to conspiracy to distribute five kilograms or more of cocaine. See 21 U.S.C. §§ 841(b)(1)(A) & 846. I later reduced the prison term to 97 months under Fed. R. Crim. P. 35(b). Defendant completed the prison term and commenced supervision in June of 2012. He now moves for early termination of his supervised release.

Under 18 U.S.C. § 3583(e)(1), the district court may, after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

The statute thus requires three elements be satisfied to grant early termination: (1) the defendant must have completed at least one year of supervision; (2) the government must have been given notice and an opportunity to be heard; and (3) the court must find that termination is in the interest of justice based on the defendant's conduct and the pertinent

sentencing factors under 18 U.S.C. § 3553(a).  See United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998).  In the present case, defendant has served more than one year, and the government has responded (in opposition) to the motion.  The issue is thus whether termination is warranted by defendant's conduct and the interest of justice.

The district court possesses wide discretion in making this determination.  See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006).  However, courts have generally concluded that the conduct of the defendant needed to justify early termination should include more than simply following the rules; otherwise, every defendant who avoided revocation would be eligible for early termination.  See, e.g., Medina, 17 F. Supp. 2d at 247 ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.").  Instead, courts have generally granted early termination only in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where supervision impedes the defendant's rehabilitation.  United States v. White, No. 06-CR-50, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases).  The defendant bears the burden of demonstrating that early termination is justified.  Id.

In his motion, defendant indicates that he participated in programming through the Bureau of Prisons and successfully completed 6 months of pre-release halfway house time.  Since commencing supervision, he has maintained employment, first as a barber and personal trainer, then with the United States Postal Service ("USPS").  He indicates that he hopes to advance within the USPS.  Defendant further indicates that he has reconnected with his three sons and his elderly father.  Two of his sons reside in Atlanta, GA; one recently graduated from college, the other is a sophomore in college.  His third child lives in Racine, WI.  His father lives

in Mississippi. Defendant indicates that he would like to be able to travel on short notice to support his sons and his father. Finally, he notes that he has satisfied all court-ordered financial obligations and complied with his conditions. He seeks early termination of his supervision based on family and work related factors.

Defendant is to be commended for his compliance and pro-social conduct since release. However, the court expects those on supervision to work and follow the rules. E.g., United States v. Thomas, No. 1:07-CR-72, 2012 WL 3870523, at *2 (N.D. Ind. Sept. 6, 2012). While asking for permission to travel may be a burden, it is one faced by every offender on supervision. Defendant does not contend that the probation office has unreasonably denied any of his requests, or that he is often called upon to travel on such short notice that he cannot first seek approval. See, e.g., United States v. Gardner, No. 03-CR-194, 2012 WL 4864997, at *2 (E.D. Wis. Oct. 12, 2012) (denying request for early termination based on travel restrictions where the defendant did not allege that his probation officer refused any requests to leave the district); United States v. O'Hara, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011) ("[A] defendant on supervision may be granted permission to leave the district with the approval of the supervising probation officer or the court, and defendant does not state that any such requests have been made or denied in his case."). Finally, defendant fails to explain how his being on supervision impedes his advancement within the USPS, which hired him notwithstanding that status. See, e.g., United States v. Hartman, No. 3:00-cr-228, 2013 WL 524257, at *4 (N.D. Tex. Jan. 18, 2013) ("Even by Mr. Hartman's own depiction of changed circumstances, this is not an instance in which Mr. Hartman's supervised release is actually interfering with or precluding Mr. Hartman's chosen form of employment."), adopted, 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); White, 2012 WL 5198364, at *3 (denying early

termination where the defendant presented no evidence that supervision interfered with his employment).

The pertinent § 3553(a) factors also support continued supervision. As I noted at his original sentencing, defendant presented with significant positives, including no prior criminal record and a solid educational and employment history; nevertheless, he occupied a significant role in a large scale cocaine conspiracy. In the hierarchy of the conspiracy, he stood in the second highest tier as far as drug weight. He also possessed a firearm in his home along with drugs. See 18 U.S.C. § 3553(a)(1). While it appears that defendant is now on right track, he also presented as a somewhat unusual drug trafficker originally, and I considered his education/employment history and ability to succeed in the community in imposing the original sentence. Continued supervision is necessary to protect the public and deter further violations of the law. See 18 U.S.C. § 3553(a)(2)(B) & (C). Defendant does not appear to have significant correctional treatment needs, see 18 U.S.C. § 3553(a)(2)(D), and he owes no restitution, see 18 U.S.C. § 3553(a)(7), but granting early termination would create unwarranted disparity with other offenders convicted under § 841(b)(1)(A). See U.S.C. § 3553(a)(6).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 832) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2013.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

4